UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
                                     :
STEFAN MATZINGER and MONTSERAT       :
PERDOMO,                             :        17cv4813 (DLC)
                    Plaintiffs,      :
                                     :        OPINION AND ORDER
          -v-                        :
                                     :
MAC II, LLC; FANUKA, INC.; NORANDA   :
SPECIAL PROJECTS, LLC; LICO          :
CONTRACTING, INC.; and TECDSIGN, LLC, :
                                     :
                    Defendants.      :
                                     :
------------------------------------ :
                                     :
MAC II, LLC,                         :
                                     :
               Third-Party Plaintiff, :
                                     :
          -v-                        :
                                     :
FANUKA, INC. and TECDSIGN, LLC,      :
                                     :
               Third-Party Defendants. :
                                     :
------------------------------------ X

APPEARANCES:

For Third-Party Plaintiff:
Thomas M. Fleming II
Peter Seiden
Milber Makris Plousadis & Seiden, LLP
1000 Woodbury Road
Woodbury, New York 11797

For Third-Party Defendant Fanuka, Inc.:
Liliya Abramchayev
Canfield & Ruggiero, LLP
1461 Franklin Ave
Garden City, New York 11530

For Third-Party Defendant TecDsign, LLC:
Thomas S. Reilly
McMacnus Ateshoglou Adams Aiello & Apostolakos PLLC

48 Wall Street - 25th Floor
New York, New York 10005

DENISE COTE, District Judge:

On February 8 and 12, 2018, third-party defendants Fanuka, Inc. ("Fanuka") and TecDsign, LLC ("TecDsign") moved to dismiss the amended third-party complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P.  For the following reasons, the motions to dismiss are granted in part.

**BACKGROUND**

The following facts are taken in the light most favorable to defendant/third-party plaintiff MAC II, LLC ("MAC II").  MAC II is an interior design firm based in New York, New York.  Third-party defendant Fanuka, is a renovation contractor with its principal place of business in Maspeth, New York.  Third-party defendant TecDsign is a home automation design and installation firm based in Ramsey, New Jersey.

On April 25, 2008, MAC II entered into a contract with plaintiffs Stefan Matzinger and Montserrat Perdomo (the "Matzingers") to oversee and manage the renovation of the Matzingers' approximately 2,000 square-foot apartment.  MAC II's duties pursuant to the contract involved design work, purchase of materials, and project management, including contracting and supervising the many contractors and subcontractors involved in the renovation.  MAC II maintains that it "did not undertake or

perform any actual construction, renovation, or repair work of any kind" during the renovation.

From April 2010 to July 2011, pursuant to a series of purchase orders, MAC II retained Fanuka to serve as the general contractor of the renovation. Fanuka's duties, along with the duties of its various subcontractors, included "general construction, general renovation, renovations and construction of closets, renovations of bathrooms," renovations of bedrooms, "general millwork, wood flooring, base molding, and stone work/marble slab installation."

In the summer of 2011, MAC II announced the completion of the renovation and billed the Matzingers more than $1.5 million for the design work, materials, and project management services. $616,759.94, in turn, was paid to Fanuka.

Soon after moving into their renovated apartment, the Matzingers discovered several problems with the construction work. According to the Matzingers' complaint, the air conditioning units Fanuka installed produced hot air instead of cool air, and the radiant heating in the bathrooms was mistakenly installed upside-down. Upon learning of these errors, Fanuka made attempts to repair them, charging for the effort and, allegedly, causing further damage to the Matzingers' bathroom floor in the process. Even after Fanuka's repairs, over the next year, the Matzingers discovered additional items

that were incorrect or incomplete, including loose door handles, one of which fell off and dented the floor of the apartment. On June 13, 2013, a walk-through inspection revealed additional problems with the HVAC, masonry, and millwork, as well as evidence of water damage to the wood flooring and base molding, which the Matinzgers claim was caused by poor workmanship by the installer.

In July 2015, MAC II, also pursuant to purchase orders, hired TecDsign to install an audio/visual system including motorized window shades and automated television equipment and speakers. These automated systems, the Matzingers contend, "never functioned properly and still do not function properly to this day." As of the filing of this litigation, MAC II has paid TecDsign at least $203,117.23, but the automated systems still require significant and costly repairs and replacements, rendering the system unusable. In at least two instances, the defective shades fell and damaged some aspect of the apartment. Seven years and more than $7 million after the project began, the renovation and its associated repairs are incomplete.

On September 8, 2017, the Matzingers filed suit against MAC II and its various subcontractors, including Fanuka and TecDsign, claiming over $7 million in damages. The Matzingers' allegations against MAC II included breach of contract, breach of fiduciary duty, fraud, and negligence. The Matzingers also

claimed breach of contract and negligence against both Fanuka and TecDsign, but on September 21, 2017 and September 25, 2017, Fanuka and TechDsign, respectively, moved to dismiss the Matzingers' claim pursuant to Rule 12(b)(6), Fed. R. Civ. P. On November 9, 2017 both motions were granted, on the ground that the allegations of the complaint failed to establish a sufficient contractual relationship between the Matzingers and Fanuka and TecDsign. In addition, the Matzingers' breach of fiduciary duty, fraud, and negligence claims against MAC II were also dismissed on November 9, leaving only their claim for breach of contract.

On December 22, 2017, MAC II commenced a third-party action against Fanuka and TecDsign alleging causes of action for (i) common law indemnification or partial indemnification; (ii) apportionment and/or contribution; and (iii) contractual indemnification. Specifically, MAC II contends that Fanuka and TecDsign are responsible for the damage and delays alleged in the Matzingers' First Amended Complaint. It contends that they should accordingly be liable to MAC II to the extent MAC II is held liable to the Matzingers.

After a motion to dismiss and an amendment, on February 8, 2018, Fanuka filed a renewed motion to dismiss MIC II's claims in its amended third-party complaint. On February 12, 2018, TecDsign followed suit.

The standard on a motion to dismiss is well-established. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Fed. R. Civ. P. 12(b)(6). This standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A court must not dismiss a complaint for failure to state a claim if the factual allegations sufficiently "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

## I. Common Law Indemnity

MAC II first asserts claims for common law indemnity against Fanuka and TecDsign. Under New York law,[1] common law indemnity will generally be available "in favor of one who is held responsible solely by operation of law because of his relation to the actual wrongdoer." McCarthy v. Turner Const., Inc., 17 N.Y.3d 374, 375 (2011) (citation omitted). "[A] party cannot obtain common law indemnification unless it has been held to be vicariously liable without proof of any negligence or

---

[1] The parties agree that New York law governs the resolution of these claims.

actual supervision on its own part." Id. at 377-78. Courts in this district have routinely held that parties who breach a contract are not liable solely by operation of law, or vicariously, such that a claim for common law indemnity will not be available. See U.S. Bank, Nat. Ass'n v. Commonwealth Land Title Ins. Co., 2015 WL 1291151, at *3 (S.D.N.Y. 2015) (collecting cases).

MAC II is unable to state a claim for common law indemnity because its potential liability stems only from breach of its contract with the Matzingers. As a result of the November 9 rulings, the sole remaining claim in this case against MAC II is for breach of contract. If MAC II is found liable on that claim, MAC II would be at fault for breaching its contract, and thus, its liability would be more than vicarious or solely by operation of law. Under New York law, such degree of fault, even if slight, precludes claims for common law indemnity.

MAC II contends that Fanuka and TecDsign were solely responsible for the defective construction work that caused their breach and led to the Matzingers' damages. Even if that allegation is proven, however, for MAC II to be liable in this case, the Matzingers must prove that MAC II breached the contract, and that the damages that the Matzingers suffered are the result of that breach. A breaching party cannot shift its potential liability through the device of common law indemnity,

which only arises in cases where the liability is vicarious or by operation of law.  Accordingly, the claims for common law indemnity must be dismissed.

## II. Contribution and Apportionment

MAC II also seeks contribution and apportionment against TecDsign and Fanuka.  New York law limits claims for contribution to tort actions, in circumstances when "two or more persons [are] subject to liability for damages for the same personal injury, injury to property or wrongful death."  CPLR § 1401.  A party cannot claim contribution when the liability upon which the contribution claim is based derives "solely from breach of contract."  <u>Bd. of Educ. of Hudson City Sch. Dist. v. Sargent, Webster, Crenshaw & Folley</u>, 71 N.Y.2d 21, 28 & n.2 (1987).

MAC II is unable to state a claim for contribution because, while it is beyond dispute that the Matzingers' apartment sustained physical damage as a result of the renovation, the only remaining cause of action between the Matzingers and MAC II is for breach of contract.  Thus, contribution is not available to MAC II because its potential liability stems from a contract cause of action, and not a tort cause of action.  Accordingly, the claims for contribution and apportionment must be dismissed.

## III. Contractual Indemnification

MAC II finally claims that it is entitled to implied contractual indemnification on the theory that TecDsign and Fanuka implicitly agreed to indemnify MAC II for any damages arising out of their work on the renovation. When there is no express right to indemnification in an agreement, an implied right may nonetheless exist based on the "special nature of the contractual relationship between the parties." Peoples' Democratic Republic of Yemen v. Goodpasture, Inc., 782 F.2d 346, 351 (2d Cir. 1986). New York contract law recognizes that a special relationship exists between and contractors and subcontractors on construction projects such that

> a general contractor is permitted to recover from a subcontractor whatever damages it might have incurred as a result of the breach of the subcontract. Where a subcontractor on a construction project defaults in performing its obligations pursuant to its subcontract, it generally will be held bound to indemnify the general contractor against any damage he might suffer under his contract with the owner.

Menorah Nursing Home, Inc. v. Zukov, 153 A.D.2d 13, 24 (2d Dep't 1989) (citation omitted). MAC II's allegations suffice to state a claim for implied contractual indemnification because MAC II is potentially liable on its contract for the alleged breaches caused by its subcontractors.

Fanuka claims that it, and not MAC II, served as general contractor, and therefore that Menorah does not control. The principle outlined in Menorah applies with equal force here

given the division of the responsibilities between Mac II and Fanuka. TecDsign's position that <u>Menorah</u> does not control because they were not a subcontractor on a construction project is similarly unavailing at this stage of the litigation. Accordingly, TecDsign and Fanuka's motions to dismiss MAC II's claim for contractual indemnification are denied.

## CONCLUSION

The February 8, 2018 and February 12, 2018 motions to dismiss are granted in part. The sole surviving claim by MAC II against Fanuka and TecDsign is implied contractual indemnification.

SO ORDERED:

Dated:   New York, New York
         July 9, 2018

                                    _____
                                         DENISE COTE
                              United States District Judge